Maurice Terry v. State of Texas














IN THE
TENTH COURT OF APPEALS
 

No. 10-99-262-CV

     MAURICE TERRY,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the County Court at Law No. 1
Johnson County, Texas
Trial Court # C9900058
                                                                                                                
                                                                                                            
MEMORANDUM OPINION
                                                                                                                
   
      The trial court found that certain items of property seized from Maurice Terry by law
enforcement agents constitute gambling devices, gambling paraphernalia, or gambling proceeds
and ordered the forfeiture of the property to the State. See Tex. Code Crim. Proc. Ann. art.
18.18 (Vernon Supp. 2000). In Terry’s original notice of appeal, he provided the trial court
cause number of a related case which the trial court had dismissed without written order. We
notified him by order dated December 10, 1999 that he must amend his notice of appeal to
reflect the correct trial court cause number or else the appeal would be dismissed. Terry
complied with this directive.
      Consistent with Terry’s original notice of appeal, the trial court clerk filed a clerk’s record
containing the pleadings filed in the case which had been dismissed. When Terry amended his
notice of appeal, we notified the trial court clerk by letter dated December 30, 1999 that a
clerk’s record must be filed containing the pleadings and forfeiture order filed in the trial court
cause number identified in the amended notice. The trial court clerk responded by advising the
Clerk of this Court that Terry had not requested or paid for such a record.
      Rule of Appellate Procedure 37.3(b) provides that if an appellant fails to pay or make
arrangements to pay the clerk’s fee for preparation of the record, the Court may:
dismiss the appeal for want of prosecution, unless the appellant was entitled to
proceed without payments of costs. The court must give the appellant a reasonable
opportunity to cure before dismissal.

Tex. R. App. P. 37.3(b).
      More than thirty days have passed since the clerk’s record was due. We notified Terry of
this defect by letter on February 11, 2000. Id. 37.3(b), 42.3, 44.3. He has not responded to
our letter by showing that he has paid or made arrangements to pay the clerk’s fee, nor has he
filed an affidavit of indigence demonstrating his entitlement to proceed without payment of
costs. Id. 20.1, 37.3(b), 42.3(c). Therefore, this appeal is dismissed for want of prosecution. 
Id. 37.3(b).
                                                                         PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray 
Appeal dismissed for want of prosecution
Opinion delivered and filed March 22, 2000
Do not publish